# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAMON JASON STAMPS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1767** |
| **JEFFERSON PARISH CORRECTIONAL CENTER** | **SECTION "N"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Damon Jason Stamps, a state pretrial, filed this federal civil rights action against the Jefferson Parish Correctional Center. He states his claim as follows: "[I] was taking a shower at the Jefferson Parish Correctional Center and the water became extremely hot, resulting in my needing medical attention. I suffered minor burns to my face, arms and feet."[1] As relief, he seeks $25,000 in damages.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law further requires:

---

[1]  Rec. Doc. 3, p. 5.

[2]  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and for failure to state a claim on which relief may be granted.

## II. Plaintiff's Claim

Plaintiff brought this federal civil rights action pursuant to 42 U.S.C. § 1983, claiming that he suffered minor burns because the water was too hot in the shower at the Jefferson Parish Correctional Center. That statute provides, in pertinent part:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof *to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (emphasis added). Plaintiff's claim therefore fails for two reasons.

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

First, plaintiff has sued only the Jefferson Parish Correctional Center. The Correctional Center not a proper defendant. It is a building, not a "person" subject to suit under § 1983. James v. Jefferson Parish Correctional Center, Civ. Action No. 07-4231, 2008 WL 1927399, at *2 (E.D. La. Apr. 30, 2008); see also Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

Second, even if plaintiff had named a proper defendant, which he has not, his underlying claim would still be subject to dismissal. The gist of plaintiff's claim is that the shower was unsafe. However, in Lee v. Hennigan, 98 Fed. App'x 286, 287-88 (5th Cir. 2004), the United States Fifth Circuit Court of Appeal rejected an analogous claim concerning allegedly unsafe jail showers, explaining:

> Lee contends that the district court erred in dismissing his claim that the defendants violated his constitutional rights by maintaining unsafe shower facilities at the Tyler County Jail. Interpreting Lee's complaint liberally the Court will consider it as a "condition-of-confinement" claim rather a claim involving an episodic act or omission. See Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997) (en banc). Thus, a constitutional violation exists if it is found "that the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective." Id. Plaintiff testified that he did not believe that the defendants intentionally designed the shower so as to cause accidents by the inmates. Lee has not alleged that the shower design or practice of rigging the showers amounted to punishment. See Scott, 114 F.3d at 53. "[A] constitutional violation exists if [it is found] that the condition of confinement is not reasonably related to a legitimate,

non-punitive governmental objective." Id. Lee does not allege that the shower design is punitive and not reasonably related to a legitimate governmental objective; thus, the dismissal of his claim based on the showers should be affirmed. See Bell v. Wolfish, 441 U.S. 520, 537, 539, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The fact that a detention interfered with a prisoner's desire to live as comfortably as possible does not convert the conditions of confinement into punishment. Id.

Similarly, in the instant case, plaintiff does not alleged that the jail officials intentionally designed the showers to scald prisoners or subjected him to scalding water as a means of punishment. Rather, at best, plaintiff's claim is one alleging negligence. In fact, in his prayer for relief, plaintiff acknowledges as much, stating that he is seeking damages for injuries he suffered as a result of "the *inadvertent negligence* of the Jefferson Parish Correctional Center."[4] However, "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979); see also Elsensohn v. Jefferson Parish Community Correctional Center, Civ. Action No. 09-2759, 2009 WL 5088744, at *3 (E.D. La. Dec. 23, 2009).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[4] Rec. Doc. 3, p. 5.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twelfth day of July, 2012.

                                                **SALLY SHUSHAN**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[5] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.